IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

AMEX ASSURANCE CORPORATION ,

    Plaintiff,

v.                                                   CASE NO. 2:07-cv-1096-MHT

FRAZIER SUMRALL ,   Et.al.

    Defendants,

_____

BRIEF OF THE DEFENDANT FRAZIER SUMRALL

Comes now the Defendant, Frazier Sumrall, and in response to the Court's order of December 20, 2007, and in support of his motion for Judgment on the Pleadings would state as follows:

STATEMENT OF FACTS

The Plaintiff, Amex Assurance, has interplead into this Court the proceeds of a policy of Assurance on the life of Shirley Sumrall, deceased.  All Potential beneficiaries under the policy of Assurance have been named as Defendants and they have answered the complaint.

In February of 2007 Shirley Sumrall was murdered in North Alabama and her remains were found in DeKalb County, Alabama.  Shirley Sumrall was covered under an Accidental Death Insurance Policy issued by Amex Assurance Company and the beneficiary of the policy was her husband Frazier Sumrall.  At the time of her death, Shirley and Frazier Sumrall had three sons that would be contingency beneficiaries under the policy of insurance.

Amex Assurance Company has properly interplead the funds into the United States District Court for the Middle District of Alabama, Northern Division,  and all parties have answered the

lawsuit, with only the Defendant, Frazier Sumrall, claiming an interest in the funds. There are no other parties having a claim against the funds and all other Defendants have waived any future claim that they may have against Amex Assurance Company.

There presently exist no other facts in controversy.

## ISSUE PRESENTED

The funds being properly interplead into the Court and there presently existing no conflict as to the legal entitlement to the funds in issue, the Defendant, Frazer Sumrall would state as follows:

FedRule 22.  Interpleader

> (a) Grounds.
>   (1) By a Plaintiff. Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
>     (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
>     (B) the plaintiff denies liability in whole or in part to any or all of the claimants.
>   (2) By a Defendant. A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.
>
>
> (b) Relation to Other Rules and Statutes. This rule supplements--and does not limit--the joinder of parties allowed by Rule 20. The remedy it provides is in addition to--and does not supersede or limit--the remedy provided by 28 U.S.C. §§ 1335, 1397, and 2361. An action under those statutes must be conducted under these rules.eral Rule 22 of the Federal Rules of Civil Procedure states as follows:

The purpose of interpleader is designed to prevent multiple recoveries where there are not multiple obligations.  Bradley v Kochenash (1995, CA2 Conn) 44 F3d 166, 30 FR Serv 3d 1338. It is clear that Amex Assurance is liable under one policy of assurance and that there are (1974, CA8 Ark) four parties that have a potential claim to the funds, although three of the parties do not assert any claim to the funds. There are a number of cases that state it is proper for

an insurance company to interplead funds) when there is a risk of multiple claims, <u>Home Indem. Co. v Moore</u> 499 F2d 1202. (Eighth Circuit 1974), <u>Metropolitan Life Ins. Co. v Marsh</u> 119 F3d 415, 2 (Sixth Circuit 1997),, <u>Aetna Life Ins. Co. v Bayona</u> 223 F3d 1030 (Ninth Circuit 2000).

Under Rule 22, the purpose is to allow companies to resolve potential disputes as to claims for monies die to be paid to multiple individual in one action.

> The avowed purpose of interpleader has always been to avoid multiple and vexatious litigation, with possible double liability. <u>Pratt v. First Nat. Bank of Fayette,</u> 243 Ala. 257, 9 So.2d 744. With the demise of common law procedure which imposed restrictions upon joinder of parties and actions and the trial of separate issues, the historical reasons for restrictive use of interpleader are largely removed. Considering the liberality of the new rules of civil procedure, it appears counter productive to their purpose to deny interpleader when there is a fund to which there are or may be adverse claimants, so long as the court has jurisdiction of the parties. The argument of Dick that interpleader was improperly granted because of an independent liability to her by the Bank arising from contract or tort is not acceptable. .Claim of independent liability will not prevent the protection of the stakeholder against the title claims of the adverse claimants. <u>Knoll v. Socony Mobil Oil Co.</u>, 10 Cir., 369 F.2d 425 (1966). That is the primary purpose of interpleader - to prevent multiple suits and possible double recovery of one liability. <u>Pratt v. First Nat. Bank of Fayette</u>, supra.
>
> In Alabama, the risk of multiple and vexatious litigation is justification for interpleader of funds. This case is proper for interpleader and the interpleader should be allowed, there being multiple potential claimants to the funds, although the claims may be remote. The Assurance Company has a proper argument for claiming interpleader of the funds. The Defendants' therefore do not object to the Interpleader.

It is uncontested that the Defendant, Frazier Sumrall, is the beneficiary of the insurance policy made part of this litigation and that no one else is going to assert any entitlement to the funds in question. It is clear that the Assurance Company is liable under the contract of Assurance and that the Defendant, Frazier Sumrall is the beneficiary of the policy. It is further clear that none of the other potential beneficiaries are asserting claims under the policy of assurance.

There presently exist no reasons for withholding payment under the policy of Assurance to the Defendant, Frazier Sumrall.

Wherefore, the premises considered, the Defendant, Frazer Sumrall, request an order of this Court:

1. Directing that the Funds in question be interplead into the Court.

2. That the Interplead funds be paid to the Defendant, Frazier Sumrall

**/s/ Richard D. Shinbaum**
Richard Shinbaum, SHI007
Attorney for the Plaintiff-Appellant

Of Counsel:
Shinbaum, Abell, McLeod and Campbell, P.C..
Post Office Box 201
Montgomery, Alabama 36101
(334) 269-4440
(334) 263-4096 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above styled motion was this day served upon the following, by placing the same in the United States Mail, properly addressed and postage prepaid, and/or electronics transmission this the 26th day of December, 2007

Mr. Paul Frederich Malek
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 S Ste 200
Birmingham , AL 35223-2484

/s/ Richard D. Shinbaum
Richard D. Shinbaum
Attorney for the Defendant
