IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| AMEX ASSURANCE COMPANY, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>FRAZIER E. SUMRALL, )<br>CHRISTOPHER T. SUMRALL, )<br>GREGORY K. SUMRALL, and )<br>STEVEN E. SUMRALL, )<br>)<br>   Defendants. ) | CIVIL ACTION NO.<br>2:07cv1096-MHT<br>(WO) |

OPINION

This lawsuit is before the court on plaintiff AMEX Assurance Company's petition for interpleader and defendant Frazier E. Sumrall's motions for judgment on the pleadings. For the reasons that follow, the petition and the motions will be granted.

I.

In February 2007, Shirley Sumrall was murdered. She was covered under an Accidental Death Insurance Policy

issued by AMEX, and the beneficiary of the policy was her husband Frazier E. Sumrall. At the time of her death, the couple had three sons (Christopher T. Sumrall, Gregory K. Sumrall, and Steven E. Sumrall) who were all contingency beneficiaries under the policy. AMEX filed an interpleader petition for the purpose of paying into the court $ 150,000.00 in accidental death insurance proceeds so that the court may determine who, among the possible claimants, is entitled to the proceeds; AMEX does not claim an interest in the proceeds. AMEX has named Frazier E. Sumrall and his three sons as defendants.

## II.

Because "a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking," University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999), the first issue of this court is whether it has jurisdiction

2

over AMEX's interpleader petition.  With its petition for interpleader, AMEX has sought to invoke, pursuant to 28 U.S.C. § 1335, what is commonly referred to as "statutory interpleader"; however, to invoke a court's jurisdiction to hear a statutory interpleader, § 1335 requires that $ 500 or more be involved and that the state citizenship of two or more claimants be diverse from each other.  28 U.S.C. § 1335(a); see also State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967) (§ 1335 "require[s] only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens").[1]  In this case, the jurisdictional

---

1.  28 U.S.C. § 1335 provides in part that:

> "(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $ 500 or more, or having issued a note, bond, certificate, policy of
> (continued...)

3

requirement for statutory-interpleader has not been met

---

1. (...continued)
    insurance, or other instrument of value or amount of $ 500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

    (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy...."

because all the claimants, that is, the defendants, are citizens of Alabama.

However, there is another method of invoking interpleader in the federal courts: "rule interpleader" under Rule 22 of the Federal Rules of Civil Procedure.[2] An important distinction between statutory and rule interpleader is that rule interpleader has no provision for subject-matter jurisdiction; rather, Rule 22 provides

---

2. Fed.R.Civ.P. 22 provides in part that:

"(a) <u>Grounds</u>.

(1) <u>By a Plaintiff</u>. Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:

(A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or

(B) the plaintiff denies liability in whole or in part to any or all of the claimants...."

5

only the procedural vehicle for interpleader, and the plaintiff seeking such interpleader must look elsewhere to invoke the court's subject-matter jurisdiction. Here, it is clear from the record that subject-matter jurisdiction does, in fact, exists elsewhere: diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332.[3]

Section 1332 provides that a federal court has jurisdiction where the citizenship of all plaintiffs is different from that for all defendants and the amount in

---

3.  28 U.S.C. § 1332 provides in part that:

> "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States ....
>
> "(c) For the purposes of this section ... --
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...."

controversy exceeds $ 75,000, exclusive of interest and costs.  28 U.S.C. § 1332; <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).  Because AMEX has its principal place of business in Wisconsin and was incorporated in Illinois; because the defendants are all citizens of Alabama; and because the amount in controversy is $ 150,000.00, there is complete diversity between the plaintiff and the defendants and the jurisdictional amount is present, and, thus, the jurisdictional requirements of § 1332 have been met.

### III.

Rule interpleader is a device designed to protect, from the possibility of defending multiple claims where there are not multiple obligations, "an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner."  <u>In re Mandalay Shores Coop. Housing Ass'n, Inc.</u>, 21 F.3d 380, 383 (11th Cir. 1994).  The parties through their

pleadings agree, and the court concludes, that AMEX's interpleader petition should be granted. All the defendants have a potential claim to the insurance proceeds from the AMEX policy. As a result, there is the possibility of multiple claims when there are not multiple obligations. AMEX is therefore entitled to be discharged from any further liability and dismissed from this case.[4]

As to the defendants, Frazier E. Sumrall moves for judgment on the pleadings, claiming that he is entitled to the funds. "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).

---

4. Although Rule 22, unlike § 1335, see supra note 1, does not require that the stakeholder deposit the stake with the court, 4 James Wm. Moore, et al., Moore's Federal Practice § 22.04[6][a], at 22-88, AMEX has deposited with the court the $ 150,000 at issue.

Judgment on the pleadings is appropriate here because the parties agree on the material facts. The parties agree that Frazier E. Sumrall is the only party with an interest in the funds deposited with the court; in their answers to AMEX's interpleader petition, Christopher T. Sumrall, Gregory K. Sumrall, and Steven E. Sumrall claim no interest in the funds. Therefore, Frazier E. Sumrall is entitled to the $ 150,000.00 deposited by AMEX with the court.

An appropriate judgment will be entered.

DONE, this the 14th day of January, 2008.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**